**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PAULA J. KARAS,**<br><br>    **Plaintiff,**<br><br>    **vs.**<br><br>**EXTRA ENTERTAINMENT and VISA PAY POWER,**<br><br>    **Defendant(s).** | Case No.: 12-CV-02309 YGR<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; AND DISMISSING COMPLAINT** |

The Court has received Plaintiff's Amended Complaint and Application to Proceed *in Forma Pauperis*, both filed on July 2, 2012. The Court may authorize a plaintiff to commence an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security. 28 U.S.C. § 1915(a). The *in forma pauperis* statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is classified as "frivolous" where "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Where a complaint fails to state that any constitutional or statutory right was violated and fails to assert any basis for federal subject matter jurisdiction, there is no arguable basis in law under *Neitzke* and the Court may dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim on which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (standard under 28 U.S.C. § 1915 is same as Rule 12(b)(6)).

Here, Plaintiff brings this civil rights action alleging violations of the United States Constitution and Massachusetts consumer protection law because a customer service representative at Defendant Visa Pay Power could not confirm that the company had received her registration documents two days after Plaintiff faxed the documents.  Plaintiff also alleges that Extra Entertainment violated her rights under the United States Constitution because she "was induced as a media viewer to view media coverage on Extra Entertainment of actor Charlie Sheen in a death casket."

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Based upon the allegations in the Complaint, no arguable basis in law or fact exists to entitle Plaintiff to relief.  For this reason, the Court concludes that Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted.  Accordingly, it must be dismissed.

Plaintiff's Application to Proceed *in forma pauperis* is hereby **DENIED WITHOUT PREJUDICE** and the complaint is **DISMISSED**.

This Order Terminates Docket Numbers 15, 24 & 26.

**IT IS SO ORDERED**.

Date:July 18, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**